IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Koukla Productions LLC, | ) |
|                        Plaintiff, | ) Case No. 1:23-cv-03028 |
| v. | ) Dist. Judge. |
| Jim Bamboulis d/b/a Kefi Life | ) Mag. Judge |
|                        Defendants | ) |

### Complaint

**NOW COMES** Plaintiff Koukla Productions LLC by and through its undersigned counsel and hereby brings the present action against Jim Bomboulis d/b/a Kefi Life ("Defendant") and alleges as follows:

### Introduction

1. This action has been filed by Plaintiff to combat a foreign online seller who trades upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling into the United States and this judicial district products using a confusingly similar version of Plaintiff's KEFI L!FE trademarks.

2. Defendant operates an online sales platform that sells gift baskets and offers online cooking classes throughout North America, and specifically this judicial district under the brand "Kefi Life" and is causing confusion or mistake among Plaintiff's customers as to the affiliation of the website and the products it proports to sell.

3. Plaintiff is forced to file this action to combat Defendant's unauthorized use of the term "Kefi Life" as well as to protect unknowing consumers from purchasing misleading products over the Internet.

4. Plaintiff has been and continues to be irreparably damaged through consumer confusion as a result of Defendant's actions and accordingly seeks injunctive and monetary relief.

**Jurisdiction and Venue**

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)-(b).

6. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including specifically Illinois and this Judicial District. Defendant reaches out to do business with residents of Illinois and this Judicial District by operating its commercial, fully interactive website through which residents of Illinois and this Judicial District can purchase products being offered and sold using a spurious version of Plaintiff's KEFI L!FE trademark. Defendant has targeted sales from residents of Illinois and this Judicial District by operating its website that accepts payment in U.S. dollars and offers shipping to addresses within Illinois and this Judicial District for products offered with spurious versions of Plaintiff's KEFI L!FE trademark. Defendant, without authorization from Plaintiff, has used a confusingly similar trademark to sell and ship products into Illinois and this Judicial District. Defendant has committed and is committing tortious acts in Illinois and this Judicial District, including through sales and shipments of Defendant's products into Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**Parties**

8. Plaintiff is an Illinois limited liability company that has its principal place of business in Hinsdale, Illinois.

9. Defendant is, on information and belief, a Canadian resident and sole proprietor of Kefi Life with a principal place of business at 486 McKim Gate Milton, Canada L9T 7V7.

**Plaintiff's Business**

10. Plaintiff owns and operates https://kefilife.com through which it publishes its well-known KEFI L!FE podcast covering health, nutrition, and cooking topics and offers its olive oil, wellness, and gift basket merchandise under its KEFI L!FE brand.

11. Plaintiff is the owner of all right, title, and interest in and two the U.S. federal trademark registrations set forth below:

| Reg. No. | Trademark | Goods / Services |
|---|---|---|
| 6,725,095 | *Kefi Life logo* | IC 09 Downloadable podcasts in the field of personal development, lifestyle, spirituality, wellness, physical exercise, health, nutrition, cooking, recipes, and essential oils |
| 6,725,096 | KEFI L!FE | IC 09 Downloadable podcasts in the field of personal development, lifestyle, spirituality, wellness, physical exercise, health, nutrition, cooking, recipes, and essential oils |

as well as other related marks, including common law marks, all with longstanding and prior use, covering a variety of goods and services, including without limitation gift baskets (hereinafter, collectively referred to as the "KEFI L!FE Marks"). True and correct copies of the registration certificates of the LCR Marks are attached hereto as **Exhibit 1.**

12. The KEFI L!FE Marks are distinctive and are unique to Plaintiff, and identifies products, including podcasts and gift baskets, as being produced and sold by Plaintiff.

13. Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's KEFI L!FE Marks and products sold thereunder. The success of Plaintiff's business enterprise is dependent on and a result of its efforts to market, promote, and advertise its podcast and merchandise online.

14. The success of Plaintiff's products additionally stems from sales to customers and interest that its customers have generated.

15. As a result of Plaintiff's efforts, the quality of Plaintiff's products including gift baskets, and Plaintiff's promotional efforts therewith, the members of the public have become familiar with Plaintiff's products, including gift baskets, and Plaintiff's mark and associate them exclusively with Plaintiff.

16. Plaintiff has spent considerable resources growing and protecting its brand.

17. Plaintiff is the owner of all rights, title, and interest in and to KEFI L!FE Marks.

18. Plaintiff has built substantial goodwill in and to the KEFI L!FE Marks which are well-known and valuable assets of Plaintiff.

19. Plaintiff has continuously used the KEFI L!FE Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff's KEFI L!FE gift baskets since 2018, and its podcasts since March 2021.

20. Genuine Plaintiff gift baskets have become very popular, driven by Plaintiff's elevated quality standards.

### Defendant's Unlawful Acts

21. On or about September 27, 2021, Defendant caused to be registered the internet domain kefilife.ca (the "Defendant Domain").

22. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the trademark "Kefi Life" in connection with the advertisement,

distribution, offering for sale, and sale of gift basket products, as well as the offering of online cooking classes of Greek food recipes, into the United States and into Illinois over the Internet, including at kefilife.ca. True and correct copies of screenshots of Defendant's website demonstrating its unauthorized trademark usage of "Kefi Life" in association with the offer for sale of gift baskets and cooking classes is attached hereto as **Exhibit 2**.

23. Defendant also maintains a Facebook page[1] wherein Defendant also extensively advertises his offer and sale of gift baskets and online cooking classes of Greek food recipes under the "Kefi Life" mark. True and correct copies of screenshots of Defendant's Facebook account demonstrating his unauthorized trademark usage of "Kefi Life" in association with the offer for sale of gift baskets is attached hereto as **Exhibit 3**.

24. Defendant also maintains an Instagram account wherein Defendant also extensively advertises his offer and sale of gift baskets and online cooking classes of Greek food recipes under the "Kefi Life" mark. True and correct copies of screenshots of Defendant's Instagram account demonstrating his unauthorized trademark usage of "Kefi Life" in association with the offer for sale of gift baskets and its online cooking classes of Greek food recipes is attached hereto as **Exhibit 4**.

25. Defendant offers shipping to the United States, including, specifically Illinois. Defendant has sold products bearing the trademark "Kefi Life" mark into the United States and the state of Illinois. **Exhibit 2 pg. 11**. Defendant also offered and advertised weekly online cooking classes that offers Greek food recipes using the same "Kefi Life" trademark in the United States and the state of Illinois. **Exhibit 2 pg. 4**

26. Defendant's unauthorized use of the trademark "Kefi Life" in connection with the advertising, distribution, offering for sale, and sale of its gift baskets, including with respect to the sale of

---

[1] Facebook.com/GreekKefi

such products into the United States, including specifically Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27. Plaintiff received numerous consumer complaints regarding sales on Defendant's site, showing actual confusion among consumers.

28. On July 14, 2022, Plaintiff conducted a test purchase of Defendant's infringing gift basket product. True and correct copies of the purchase and received gift back merchandise are attached hereto as **Exhibit 5**.

29. On August 17, 2022, Plaintiff sent Defendant cease-and-desist correspondence concerning Defendant's unlawful use of a spurious version of Plaintiff's KEFI L!FE trademark in the course of selling Defendants' gift baskets. A true and correct copy of that correspondence is attached hereto as **Exhibit 6**.

30. On January 5, 2023, Plaintiff sent Defendant a second demand, which also was ignored. A true and correct copy of that correspondence is attached hereto as **Exhibit 7**.

31. Despite Plaintiff's repeated demands, Defendant has refused to cease using spurious and confusing version of Plaintiff's KEFI L!FE Marks, appears to have further developed his website and marketing and use of the mark "Kefi Life" to sell gift baskets and online cook classes since receiving Plaintiff's demand, and is willfully and wantonly infringing Plaintiff's rights in and to the Plaintiff's KEFI L!FE Marks.

32. Plaintiff has no adequate remedy at law.

### Count I - Trademark Infringement

33. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 32.

34. Plaintiff's trademark infringement claims against Defendant is based on Defendant's unauthorized use in commerce of counterfeit imitations of the federally-registered KEFI L!FE Marks in connection with the advertising, distribution, offering for sale, and sale of infringing goods, including, the offering of online cooking classes.

35. The KEFI L!FE Marks are distinctive marks, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the KEFI L!FE Marks.

36. Defendant has advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the KEFI L!FE Marks without Plaintiff's permission.

37. Plaintiff is the exclusive owner of the KEFI L!FE Marks. Plaintiff's registrations for the KEFI L!FE Marks are in full force and effect.

38. Upon information and belief, Defendants are aware and have knowledge of Plaintiff's rights in the KEFI L!FE Marks and are willfully infringing it and intentionally using counterfeit reproductions thereof.

39. Defendants' willful, intentional, and unauthorized use of the KEFI L!FE Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of Defendant's products among the general public.

40. Defendants' activities constitute willful trademark infringement under 15 U.S.C. § 1114.

41. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known KEFI L!FE Marks if Defendant's actions are not enjoined.

42. Defendant's wrongful advertisement, offering to sell, and sale of its products under its "Kefi Life" mark has directly and proximately caused injuries and damage to Plaintiff

**Count II - Unfair Competition - 15 U.S.C. § 1125(a)**

43. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 42.

44. By using the mark "Kefi Life" in association with the advertising, distribution, offering for sale, and sale of its products, including gift baskets and online cooking classes, Defendant creates a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the products bearing the "KefiLife" mark.

45. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its products to the general public involves the willful use of Plaintiff's KEFI L!FE Mark and is a willful violation of 15 U.S.C. § 1125.

46. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its reputation and goodwill of its well-known KEFI L!FE mark if Defendant's actions are not enjoined.

### Count III - Cyberpiracy Prevention - 15 U.S.C. § 1125(d) - kefilife.ca

47. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 46.

48. Plaintiff is the exclusive owner of the trademark KEFI L!FE as it relates to the offer and sale of downloadable podcasts and gift baskets.

49. The Defendant Domain was registered by Defendant in 2022, years after Plaintiff had started using its KEFI L!FE Mark to offer its podcasts and sell gift baskets.

50. Upon information and belief, Defendant has acted with the bad faith intent to profit from the unauthorized use of a spurious version of the KEFI L!FE Marks and the goodwill associated therewith by registering the Defendant Domain which is confusingly similar to Plaintiff's KEFI L!FE trademark.

51. Defendant has no intellectual property rights in or to Plaintiff's KEFI L!FE Marks.

52. Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

**Count IV - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

53. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 52.

54. Defendant has engaged in acts which violate Illinois law including, without limitation: passing off his products as those of Plaintiff; cause a likelihood of confusion and/or misunderstanding as to the source of his goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine Plaintiff products; representing that his products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

55. Defendant's foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, *et seq.*

56. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Plaintiff Mark if Defendant's actions are not enjoined.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. Using the KEFI L!FE mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that bears the KEFI L!FE mark or is not authorized by Plaintiff to be sold in connection with the KEFI L!FE mark;

    b. passing off, inducing, or enabling others to sell or pass off product that bears the KEFI L!FE mark or any other product produced by Plaintiff that is not Plaintiff's or is not

      produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the KEFI L!FE mark;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Plaintiff mark and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bears the KEFI L!FE mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain or any other domain name or online marketplace account that is being used to sell Plaintiff products or products that bear the KEFI L!FE mark; and

    h. operating and/or hosting websites, including at the Defendant Domain, that are involved with the distribution, marketing, advertising, offer for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the KEFI L!FE mark.

**B.** That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and service upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with Paragraph 1, a through h, supra.

C. Entry of an Order that the Defendant Domain shall be changed from the current registrant to Plaintiff and that domain name registries for the Defendant Domain, within two (2) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain to a registrar of Plaintiff's selection until further ordered by this Court, and that the domain name registrars take any steps necessary to transfer the Defendant Domain to a registrar of Plaintiff's selection until further ordered by this Court;

D. Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Shopify, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers (e.g., PayPal), and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

   a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods using the KEFI L!FE mark;

   b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and infringing goods using the KEFI L!FE mark; and

   c. take all steps necessary to prevent links to the Defendant Domain from displaying in search results, including, but not limited to, removing links to the Defendant website from any search index

E. That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

**F.** That Plaintiff be awarded its reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a); 815 ILCS § 510/3; and

**G.** Award any and all other relief that this Court deems just and proper.

Dated: May 15, 2023

    Respectfully submitted,

    /s/ Adam E. Urbanczyk
    AU LLC
    564 W. Randolph St.
    2nd Floor
    Chicago, IL 60661
    adamu@au-llc.com
    Ph. (312) 715-7312
    Fax (312) 646-2501
    *Counsel for Plaintiff Koukla Productions LLC*